APPEAL OF WILLIAM T. REYNOLDS CO., INC.

Docket No. 3547. Promulgated February 2, 1927.

1. The Board will not review the action of the Commissioner in excluding assets from invested capital for a taxable period in the absence of a determination by him of a deficiency for that period.

2. Where notes and accounts receivable comprising a part of partnership assets transferred to a corporation for stock are regarded by the incorporators as not being worth their face value, a reserve for anticipated losses thereon, set up at the time of the transfer to reflect their actual value on the books of the corporation, may not be included in surplus in computing invested capital.

3. In the absence of evidence as to the value or useful life of depreciable assets, the Commissioner's computation of an allowance for depreciation will not be disturbed.

*H. A. Mihills, C. P. A.*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commissioner.

The petitioner herein seeks a redetermination of its income and profits taxes for the six months ending December 31, 1917, and for

the calendar years 1918, 1919, and 1920. For the period ending December 31, 1917, the Commissioner determined an overassessment of $200.89; for the year 1918 a deficiency of $5,681.52; for the year 1919 a deficiency of $4,583.07; and for the year 1920 a deficiency of $544.21. There is involved in this proceeding only such parts of the deficiencies as result from certain alleged errors on the part of the Commissioner. The petitioner estimates the amounts involved to be $4,000. The errors alleged are as follows:

(1) The Commissioner has excluded from petitioner's invested capital for the six months ended December 31, 1917, the sum of $15,000, alleged to represent a note received in payment of subscription to capital stock.

(2) The Commissioner has excluded as part of petitioner's invested capital of each period a reserve for doubtful notes receivable in the amount of $7,000 and a reserve for doubtful accounts receivable in the amount of $22,328.36.

(3) The Commissioner has used an erroneous basis for the computation of depreciation of certain permanent assets.

FINDINGS OF FACT.

The petitioner herein is a New York corporation engaged in the wholesale grocery business. It was organized on July 1, 1917, to take over the business theretofore owned and operated by a partnership.

The record does not disclose the exact method of effecting the exchange of stock for property and it can not be determined therefrom whether the shares of stock were exchanged for the assets of the partnership or whether they were exchanged for the interest of the partners in the partnership. It appears that stock of the par value of $400,000 was issued. Of this amount 115 shares were issued against the stock subscription of Paul I. Reynolds and the remainder found its way into the hands of the other incorporators, and in return the corporation ultimately found itself possessed of the assets previously owned by the partnership. The corporation took over and continued the partnership books of account. In these books it appeared that the corporation had assets of the value of $523,999.85, of which amount $400,000 was allocated to capital stock and the remainder to surplus. In his computation of invested capital, the Commissioner reduced this surplus by the amount of $65,000, by reason of his determination that certain property entered upon the books of the corporation as having a value of $150,000 had in fact a value of $85,000, such last-named value being the amount at which such property was appraised in

79705°—28——2

the inheritance tax proceeding had in the City of New York. The petitioner takes no exception to this reduction of valuation.

When the petitioner took over the assets of the partnership it acquired, among other things, certain notes and accounts receivable in an amount not disclosed by the record. Because it was believed that these accounts and notes receivable were not worth their face value, there was set up against them a reserve for anticipated losses thereon totaling $29,328.36. Subsequently it was ascertained that such reserve was excessive and that it had been necessary to charge against it only from $1,200 to $1,500, and the amount of the reserve, less the amounts charged against it, was in 1919 restored to surplus.

At the time of the transfer of the assets, the corporation took over machinery and equipment which had been acquired by the partnership at a cost of $37,190.54. On the books of the partnership the value of these assets had been reduced by the amount of depreciation charged against them, so that at the date of their transfer their book value was $23,294.65. The Commissioner computed the corporation depreciation allowance upon the book value of the assets at the time they were taken over, using the rates of depreciation theretofore allowed to the partnership.

The Commissioner, in his computation of invested capital for the period ending December 31, 1917, excluded the note of Paul I. Reynolds given in payment of his obligation evidenced by the stock subscription agreement. For the remaining years there was no reduction of invested capital by reason of the exclusion of said note.

OPINION.

GREEN: Inasmuch as the Commissioner has not determined a deficiency for the period ending December 31, 1917, it is not necessary for us to determine whether the note of Paul I. Reynolds was properly excluded in the computation of invested capital for that year.

It appears that the notes and accounts receivable taken over by the corporation were not, in the opinion of the incorporators, worth their face value and that the reserve was set up to make the books of account reflect accurately the actual value of the notes and accounts receivable. This being true, the Commissioner's action in excluding from invested capital the amount of the reserve was correct.

The petitioner offered no evidence as to the value of the depreciable assets or as to their remaining life, and while it may be that the Commissioner's computation of depreciation is erroneous, the

petitioner has not provided us with the data upon which we may correctly compute the depreciation allowance, and we must, therefore, affirm the Commissioner upon this point.

> *The deficiencies heretofore determined by the Commissioner are redetermined to be the correct deficiencies and judgment will enter accordingly.*